Courtney Lowery
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Ariz. Bar No. 036888
(501) 221-0088
courtney@sanfordlawfirm.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| Darwin Harris, Jessie Blackwell and Jason McCoy, Each Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>National Waterproofing & Roofing, LLC, and Kirk Poteet,<br><br>Defendants. | No. 2:21-cv-<br><br>**ORIGINAL COMPLAINT—<br>COLLECTIVE ACTION** |

COME NOW Plaintiffs Darwin Harris, Jessie Blackwell and Jason McCoy ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Courtney Lowery of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action ("Complaint") against Defendants National Waterproofing & Roofing, LLC, and Kirk Poteet (collectively "Defendant" or "Defendants"), they state and allege as follows:

## I.  PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendants for violations of the overtime and retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and the minimum wage provisions of the Arizona Revised Statutes ("ARS.").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay proper minimum wage and overtime compensation under the FLSA and the ARS.

3. Plaintiffs also seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's retaliation against Plaintiff Darwin Harris and Jessie Blackwell.

## II.  JURISDICTION AND VENUE

4. The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges Arizona state law violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant is headquartered in and operates out of Phoenix. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III.  THE PARTIES

7. Plaintiff Darwin Harris ("Harris") is an individual and resident of Johnson County, Arkansas.

8. Plaintiff Jessie Blackwell ("Blackwell") is an individual and resident of Pope County, Arkansas.

9. Plaintiff Jason McCoy ("McCoy") is an individual and resident of Pope County, Arkansas.

10. Separate Defendant National Waterproofing & Roofing, LLC ("NWR"), is a domestic limited liability company.

11. NWR's registered agent for service of process is Kirk L. Poteet, at 27038 North 73rd Street, Scottsdale, Arizona 85266.

12. Separate Defendant Kirk Poteet ("Poteet") is an individual and resident of Arizona.

13. Defendants, in the course of their business, maintain a website at https://www.nwrnational.com/.

### IV.  FACTUAL ALLEGATIONS

14. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

15. Defendant's primary business is providing roof restorations, roof coatings and floor coatings for its customers.

16. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

17. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

18. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

19. Defendant employed Harris as an hourly-paid employee from August of 2020 until June or July of 2021.

20. Defendant employed Blackwell as an hourly-paid employee from March of 2021 until June or July of 2021.

21. Defendant employed McCoy as an hourly-paid employee from November of 2020 until the present.

22. Defendant also employed other hourly-paid employees ("hourly employees") within the three years preceding the filing of this lawsuit.

23. At all relevant times herein, Defendant directly hired hourly employees to work on its behalf, paid them wages and benefits, controlled their work schedules,

duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. Plaintiffs and other hourly employees recorded their hours worked via Defendant's time keeping system.

25. Plaintiffs regularly worked hours over 40 per week.

26. Upon information and belief, other hourly employees also regularly or occasionally worked hours over 40 in a week.

27. Plaintiffs regularly worked hours which went unrecorded and uncompensated.

28. Defendant has customers in multiple states, including Arizona, Colorado and Arkansas.

29. Each job takes between one to two weeks to complete.

30. Defendant required Plaintiffs and other hourly employees to load the company truck before driving to the jobsite.

31. It took Plaintiffs and other hourly employees approximately 1.5 to 2 hours to load the company truck.

32. Defendant paid Plaintiffs and other hourly employees $10 and hour for up to 10 hours of drive time.

33. If the drive to the jobsite was longer than 10 hours, Plaintiffs and other hourly employees were not compensated for the additional hours spent driving.

34. Because Plaintiffs and other hourly employees were required to load the truck before they began driving, they completed a compensable act and therefore the following drive time should have been counted as regular hours worked.

35. Defendant knew or should have known that Plaintiffs and other hourly employees were working hours which went unrecorded and uncompensated.

36. Defendant knew or should have known that Plaintiffs and other hourly employees were working hours over 40 in some or all weeks.

37. At all relevant times herein, Defendant has deprived Plaintiffs and other hourly employees of sufficient overtime compensation for all of the hours worked over forty per week.

38. Upon information and belief, in some weeks, Plaintiffs' and other hourly employees' constructive hourly rate fell below the Arizona minimum wage.

39. In the alternative, if the drive time was not compensable, the $10 per hour which Defendant paid for hourly employees' first 10 hours of driving was a nondiscretionary bonus.

40. The drive-time bonuses are nondiscretionary because they are based on objective and measurable criteria, and because Plaintiffs expected to receive the incentive bonuses and did in fact receive the incentive bonuses on a regular basis.

41. Upon information and belief, all or most hourly employees received drive-time bonuses.

42. Defendant informs its hourly employees of the drive-time bonuses upon hiring because the bonuses are part of Defendant's compensation package. Hourly employees expect to receive the bonuses.

43. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

44. If the $10/hour pay is found to be a bonus, then Defendant violated the FLSA by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiffs and other hourly employees, in their regular rate when calculating their overtime pay.

45. Additionally, Defendant occasionally failed to pay Plaintiffs for the full hours they worked on a job. For example, in or around May of 2021, Harris worked over 80 hours in a two-week period, but he was only paid 53.5 hours on that check.

46. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

47. Plaintiffs contacted counsel with the intent to bring this lawsuit in mid-June.

48. In or around June or July, Defendant learned that this lawsuit was pending and fired Harris and Blackwell.

49. Defendant told its workers that anyone who joined the lawsuit had "voluntarily quit."

50. Harris did not quit his employment nor did he have intentions to quit his employment with Defendant.

51. Blackwell had turned in his two-weeks notice a couple days prior to learning that Defendant was terminating his employment.

52. Upon information and belief, Defendant did not fire McCoy because Defendant was not aware that McCoy was involved in this lawsuit.

53. Upon information and belief, Defendant refused to continue to employ Plaintiffs in retaliation for asserting their rights under the FLSA.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

54. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully incorporated in this section.

55. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

    B. Liquidated damages; and

    C. Attorney's fees and costs.

56. Plaintiffs propose the following collective under the FLSA:

**All hourly-paid employees who worked over 40 hours
in any week in which they also drove to a jobsite.**

57. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

58. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

59. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid hourly;

    B.    They regularly drove to Defendant's jobsites;

    C.    They were subject to Defendant's common policy and practice of paying them $10 per hour for the first 10 hours of drive-time; and

    D.    They worked over 40 hours in at least one week in which they drove to a jobsite.

60. Plaintiffs are unable to state the exact number of the collective but believe that it exceeds 20 persons.

61. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

62. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

63. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

### VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

64. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

65. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

66. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

67. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

68. Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

69. Defendant failed to pay Plaintiffs for all hours worked, including 1.5x their regular rate for all hours worked in excess of forty hours per week.

70. In the alternative, Defendant failed to pay Plaintiffs a proper overtime rate for all hours worked over 40 each week.

71. Defendant knew or should have known that its actions violated the FLSA.

72. Defendant's conduct and practices, as described above, were willful.

73. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

74. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

75. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

76. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

77. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

78. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

79. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

80. Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

81. Defendant failed to pay Plaintiffs and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 per week.

82. In the alternative, Defendant failed to pay Plaintiffs and similarly situated employees a sufficient overtime premium for all hours worked in excess of 40 each week.

83. Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

84. Defendant knew or should have known that its actions violated the FLSA.

85. Defendant's conduct and practices, as described above, were willful.

86. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all

violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

87. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

88. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
(Individual Claims for Violation of the FLSA—29 U.S.C. § 215)

89. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

90. Defendant's actions in terminating the employment of Harris and Blackwell were a direct and willful violation of the FLSA's anti-retaliation provision at subsection 215(a)(3), which forbids employers from firing or otherwise taking retaliatory action against individuals who have asserted their rights under the FLSA.

91. Pursuant to the FLSA, employers may not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA.]" 29 U.S.C. § 215(a)(3).

92. Plaintiffs engaged in protected activity by seeking counsel and instituting the instant lawsuit.

93. But for Plaintiffs' actions in filing this lawsuit, Defendant would have continued to employ Plaintiffs.

94. By reason of the unlawful retaliatory acts alleged in this Complaint, Defendant is liable to Harris and Blackwell for, and Harris and Blackwell seek, unpaid wages, liquidated damages, costs, including reasonable attorney's fees as provided by the FLSA, and reinstatement to their employment with Defendant.

## IX.  FOURTH CLAIM FOR RELIEF
### (Individual Claims for Violation of A.R.S. §§ 23-363)

95. Plaintiffs repeat and reallege all previous paragraphs of this Complaint as though fully set forth herein.

96. Plaintiff asserts this claim for damages and declaratory relief pursuant to A.R.S. §§ 23-363.

97. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of A.R.S. § 23-363.

98. A.R.S. § 23-363 requires employers to pay all employees a lawful minimum wage ($10.50/hr after January of 2018, $11/hr after January of 2019 and $12/hr after January of 2020).

99. Defendant failed to pay Plaintiffs for all hours worked.

100. Defendant failed to pay Plaintiffs a sufficient minimum wage for all hours worked.

101. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

102. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

## X.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Darwin Harris, Jessie Blackwell and Jason McCoy, each individually and on behalf of all others similarly situated, respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.    A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the Arizona Revised Statutes, and their related regulations;

B.    Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.    Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid wages under the FLSA, the Arizona Revised Statutes and their related regulations;

D.    Judgment against Defendant for retaliating against Plaintiffs for asserting their rights under the FLSA;

E.     Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA, the Arizona Revised Statutes, and their related regulations;

F.     An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

G.     Such other and further relief as this Court may deem just and proper.

DATED this 9th day of September, 2021.

Courtney Lowery
Ariz. Bar No. 036888
courtney@sanfordlawfirm.com