Thomas M. Stanek, SBN 20018
Douglas (Trey) Lynn, SBN 028054
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ  85016
Telephone:  602-778-3700
Facsimile:   602-778-3750
thomas.stanek@ogletree.com
trey.lynn@ogletree.com

Attorneys for Defendants National
Waterproofing & Roofing, LLC and
Kirk Poteet

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Darwin Harris and Jason McCoy, Each Individually, and on Behalf of All Similarly Situated,<br><br>            Plaintiffs,<br><br>v.<br><br>National Waterproofing & Roofing, LLC, and Kirk Poteet,<br><br>            Defendants. | No.  2:21-cv-01537-SPL<br><br>**JOINT MOTION TO APPROVE CONFIDENTIAL FLSA SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE** |

Plaintiffs Darwin Harris and Jason McCoy and Defendants National Waterproofing & Roofing, LLC and Kirk Poteet jointly move the Court to review and approve the confidential settlement reached by the Parties and to dismiss this case with prejudice, and in support thereof state as follows:

Plaintiffs filed a Complaint in this case alleging: (Count I) unpaid wages and overtime under the Fair Labor Standards Act ("FLSA"); (Count II) collective action unpaid wages and overtime under the FLSA; (Count III) retaliation in violation of the FLSA; and (Count IV) unpaid minimum wage under A.R.S. § 23-363. Defendants deny Plaintiffs' allegations. The Court denied Plaintiffs' Motion for Conditional Certification (Doc. 37), and only the individual claims of Plaintiffs Harris and McCoy remain in this case.

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013). Because an employee cannot waive claims under the FLSA, they may not be settled without supervision of either the Secretary of Labor or a district court. *See Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981); *Beidleman v. City of Modesto*, No. 1:16-cv-01100-DAD-SKO, 2018 WL 1305713, at *1 (E.D. Cal. Mar. 13, 2018); *Yue Zhou v. Wang's Rest.*, No. 05-cv-0279 PVT, 2007 WL 2298046, at *1 n.1 (N.D. Cal. Aug. 8, 2007).

District courts in this circuit have frequently applied a widely-used standard adopted by the Eleventh Circuit, which looks to whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016)*Id.*; *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F.Supp.3d 1164, 1172 (S.D. Cal. 2016); *Nen Thio v. Genji, LLC*, 14 F.Supp.3d 1324, 1333 (N.D. Cal. 2014); *Yue Zhou*, 2007 WL 2298046, at *1. "A bona fide dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability." *Selk*, 159 F.Supp.3d at 1172 (internal quotation marks and citation omitted). A court will not approve a settlement of an action in which there is certainty that the FLSA entitles plaintiffs to the compensation they seek, because it would shield employers from the full cost of complying with the statute. *Id.*

Additionally, because FLSA settlements require court approval, payment of attorneys' fees from settlement proceeds is also subject to review by the court. *See Avila v. Los Angeles Police Dep't*, 758 F.3d 1096, 1104-05 (9th Cir. 2014) (reviewing an award of attorneys' fees under the FLSA); *Dunn*, 2016 WL 153266, at *9 (N.D. Cal. Jan. 13, 2016) ("The Court retains the authority to determine what fees are reasonable [in an FLSA settlement]."); *Selk*, 159 F.Supp.3d at 1180 ("Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of

2

the fee award.") (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)).

Settlements that reflect a fair and reasonable compromise of issues that are actually in dispute may be approved to promote the efficiency of encouraging settlement of litigation. *Kerzich v. Cnty. of Tuolumne*, 335 F. Supp. 3d 1179, 1185 (E.D. Cal. 2018) (citing *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. C 10-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012)).

In this case, the Parties have a *bona fide* dispute under the FLSA. Plaintiffs asserted an entitlement to alleged unpaid overtime wages. Defendants, by contrast, maintain that Plaintiffs were properly paid for all hours worked. Accordingly, with respect to Plaintiffs' FLSA claims, there were hotly disputed issues over (a) whether Plaintiffs were properly paid for travel time; (b) whether Plaintiffs were properly paid for hours spent loading trucks; (c) whether, if covered, Plaintiffs' overtime premium would have been at "half-time" under 29 CFR § 778.114 as overtime worked under a "fluctuating workweek"; and (d) whether any violation of the FLSA, if one occurred, was "willful."

Because of the complexity of the legal issues and the risk that Plaintiffs could recover nothing, Plaintiffs and Defendants have agreed to a resolution of the FLSA claim in this case as part of an overall, global resolution of all claims and disputes between the Parties. The terms of this global resolution are as provided in the Parties' confidential Settlement Agreement and Release ("Agreement").

The Parties have exchanged information and documents and are very familiar with all of the legal issues presented. This compromise reflects both Parties' acknowledgment that there is substantial risk and uncertainty for both Parties concerning the disposition of all claims in this case. Given these facts, both Parties believe that their negotiated Agreement is fair and reasonable in order to avoid the additional costs, risks, and uncertainties of protracted litigation.

All Parties have been represented by counsel throughout the negotiation of this Agreement. Counsel for the Parties represent that the settlement entered into by the Parties

was an arms-length compromise, obtained through numerous verbal discussions, and there was no collusion with regard to the settlement of this matter. Counsel for the Parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

Here, all of the factors for approval of the settlement are met. First, there has been no fraud or collusion involved in the settlement. The settlement was reached as a result of an arm's-length negotiation in order to reach what the Parties believe is a reasonable compromise.

Second, the complexity of the issues involved in this case is, given the particular facts of this case, substantial, and would have greatly increased the costs and duration of this litigation. Third, the Parties reached this compromise with a full understanding of the factual and legal issues involved following exchange of written discovery and depositions of the Plaintiffs.

Fourth, given the particular facts of this case, the probability of Plaintiffs' success on their unpaid wages and overtime claims was uncertain. So the compromise represents a fair apportionment of the substantial risk that Plaintiffs could recover nothing or recover less than what is being offered in the settlement agreement. Finally, the Parties' counsel are of the informed opinion that this settlement is in the best interests of their respective clients.

Under the terms of the Agreement, Plaintiffs are receiving, at a minimum, an amount that compensates each of them for 9.5 hours of assumed off-the-clock work per week during their tenure with Defendants as pled in the Complaint, at a regular rate of $15 an hour. This amount is reasonable because Defendants' position was that Plaintiffs did not work any compensable time off-the-clock and were accordingly owed nothing. In addition, had the case continued to trial, it would have been likely that the bulk of this assumed off-the-clock work would not have been recoverable and that Plaintiffs would have only been entitled to the amounts to which the unrecorded work led to violations of the minimum wage or overtime paid at the correct rate.

1  In addition, the Agreement reached by the Parties fully satisfies Plaintiffs' attorneys' fees and costs, and no amounts will be deducted from the amounts paid to Plaintiffs to satisfy their attorneys' fees and costs. As part of the Agreement, Plaintiffs' counsel will receive the amount of $14,500.00. Plaintiffs' counsel have billed over $20,000.00 to this matter with a blended hourly rate of $165.00. At just 72% of their current invoice, the Parties agree that $14,500.00 is a fair and reasonable amount of attorneys' fees and expenses given the work done on this case by Plaintiffs' counsel.

Accordingly, the Parties jointly request that the Court review, approve their confidential Settlement Agreement, dismiss this case with prejudice, and retain jurisdiction to enforce the terms of the Agreement, if necessary.

A proposed form of Order is submitted contemporaneously herewith.

RESPECTFULLY SUBMITTED this 11th day of October 2023.

| SANFORD LAW FIRM, PLLC | OGLETREE, DEAKINS, NASH SMOAK & STEWART, P.C. |
|---|---|
| By: /s/ Sean Short          (*w/permission*)<br>Courtney Lowery<br>Sean Short<br>Kirkpatrick Plaza - Suite 510<br>10800 Financial Centre Pkwy.<br>Little Rock, AR 72211<br><br>*Attorneys for Plaintiffs* | By: /s/ Douglas (Trey) Lynn<br>Thomas M. Stanek<br>Douglas (Trey) Lynn<br>2415 E. Camelback Road, Suite 800<br>Phoenix, AZ 85016<br><br>*Attorneys for Defendants National Waterproofing & Roofing, LLC and Kirk Poteet* |

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700